UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JOHN E. SHAVERS, JESCO
CONSTRUCTION CORPORATION,
JESCO CONSTRUCTION
CORPORATION OF MISSISSIPPI,
EMERALD CORPORATION,
JASON EDWARD CARR,
PHYLLIS M. STOCKSTILL AND
JAMES M. STOCKSTILL                                            PLAINTIFFS

VERSUS                                    CIVIL ACTION NO.: 3:03cv1035LN

HONORABLE GEORGE DALE,
INSURANCE COMMISSIONER,
STATE OF MISSISSIPPI,
UNITED STATES FIRE INSURANCE
COMPANY, A NEW YORK CORPORATION,
WILLIAM H. ELLSWORTH; ALEXANDER
J. ELLSWORTH, ELLSWORTH, LEBLANC &
ELLSWORTH, INC., SHAVERS-WHITTLE
CONSTRUCTION, INC.                                             DEFENDANTS



SOUTHERN DISTRICT OF MISSISSIPPI
F I L E D
AUG 27 2003
J. T. NOBLIN, CLERK
BY_____ DEPUTY

## NOTICE OF REMOVAL OF STATE COURT ACTION TO BANKRUPTCY COURT

**PLEASE TAKE NOTICE** that defendant, United States Fire Insurance Company ("U.S. Fire") through its undersigned counsel, hereby files this Notice of Removal pursuant to 28 U.S.C. § 1452(a) and Federal Rule of Bankruptcy 9027(a). U.S. Fire hereby removes to the Bankruptcy Court for the Southern District of Mississippi, all claims and causes of action in the civil action styled, *John E. Shavers, et al. v. Honorable George Dale, et al.*, Case Action No. 251-03-766-CIV, currently pending in the Circuit Court of Hinds County Mississippi, First Judicial District (the "State Court Action").

**PLEASE TAKE FURTHER NOTICE** that by Order of the United States District Court, Southern District of Mississippi, dated July 23, 1984, pursuant to Section 157(a) of the

NOTICE OF REMOVAL STATE TO BANKRUPTCY                                          1

Bankruptcy Amendments and Federal Judgeship Act of 1984, which states in relevant part that, "any and all cases under title 11 and any and all proceedings arising under title 11 or arising in or related to a case under Title 11 be and hereby are referred to the Bankruptcy Judges for the Southern District of Mississippi for consideration and resolution."

The grounds for removal are as follows:

### Parties, Claims and Procedural History

1. The State Court Action was filed by Plaintiffs, John E. Shavers, Jesco Construction Corporation ("Jesco"), Jesco Construction Corporation of Mississippi ("Jesco of Mississippi"), Emerald Corporation ("Emerald"), Jason Edward Carr, Phyllis M. Stockstill and James M. Stockstill (the "Plaintiffs") on June 17, 2003 in the Circuit Court of Hinds County, Mississippi, First Judicial District seeking declaratory relief against Defendants, Honorable George Dale, U.S. Fire, William H. Ellsworth, Alexander J. Ellsworth, Ellsworth, Leblanc & Ellsworth, Inc., and Shavers-Whittle Construction, Inc.

2. In the State Court Action the Plaintiffs seek a declaration that a payment bond and performance bond, each bearing bond no. 610-227822, issued by U.S. Fire, as surety, on behalf of Jesco, as principal, and in favor of the Harrison County Development Commission in connection with Jesco's contract for a project known as "Harrison County Sand Beach Renourishment Project" in Harrison County, Mississippi (the "Harrison County Bonds") are void and unconstitutional under the laws of the State of Mississippi.

3. In the State Court Action the Plaintiffs also seek a declaration that a General Agreement of Indemnity ("Indemnity Agreement") executed by John E. Shavers, Jesco, Jesco of Mississippi, Emerald, Phyllis M. Stockstill and James M. Stockstill (the "Indemnitors"), in favor

of U.S. Fire, as Indemnitee, on about July 28, 2000, in consideration for and in order to induce U.S. Fire to issue bonds, as surety, on behalf of Jesco, as principal, is void and unenforceable.

4. On April 25, 2003, U.S. Fire filed a Verified Complaint against the Indemnitors, in the United States District Court for the Southern District of New York, captioned, *United States Fire Insurance Company v. Jesco Construction Corporation, et al*, civil action no. 03-2906 (SAS), seeking, among other things, contractual indemnification pursuant to the terms of the Indemnity Agreement for losses incurred by U.S. Fire as a result of issuing bonds on behalf of Jesco ("New York Federal Action").

5. On or about August 5, 2003, creditors Barbara Ellen Elliott, Robert Elliott and James Stockstill filed an involuntary bankruptcy petition against John E. Shavers pursuant to Chapter 11 of the United States Code, in the United States Bankruptcy Court for the Eastern District of Louisiana, under the caption, *In re John E. Shavers*, petition no. 03-15899 ("Shavers Bankruptcy").

6. The State Court Action is likely to be resolved in the Shavers Bankruptcy proceeding. John E. Shavers is seeking to have the Harrison County Bonds as well as the Indemnity Agreement declared void. Pursuant to the Indemnity Agreement, the debtor, John E. Shavers and the other Indemnitors are jointly and severally liable to U.S. Fire for losses in excess of $2.5 million. Indemnification for these losses forms the gravaman of U.S. Fire's complaint in the New York Federal Action. In the State Court Action, John E. Shavers is seeking to avoid a significant portion of his indemnity obligations by arguing that the Harrison County Bonds and the Indemnity Agreement are null and void. The money due and owing U.S. Fire pursuant to John E. Shavers indemnity obligations is a significant debt of John E. Shavers. U.S. Fire intends

3

NOTICE OF REMOVAL STATE TO BANKRUPTCY

to file a Proof of Claim in the Shavers Bankruptcy proceeding. Resolution of the State Court Action may, therefore, have a significant impact on the administration of the bankruptcy estate.

7. U.S. Fire files this Notice of Removal pursuant to 28 U.S.C. § 1452(a) within the time required by law for removal under Federal Rule of Bankruptcy Procedure 9027.

8. In accordance with 28 U.S.C. § 1452 and Federal Rule of Bankruptcy 9027, copies of all process and pleadings in the State Court Action are attached to this Notice of Removal as Exhibit A.

9. Upon removal, the State Court Action will constitute a core proceeding pursuant to 11 U.S.C. § 157(b)(2)(A), (B), (C) and (O).

10. U.S. Fire has provided written notice of this Notice of Removal to counsel of record for all parties and a true and complete copy of this Notice of Removal has been filed in the State Court Action.

> Respectfully submitted,
> United States Fire Insurance Company
> Defendant
>
> By: _____
> Kenneth G. Perry
> Attorney for U.S. Fire Insurance Co.

Kenneth G. Perry, Esq. [MSB# 4134]
SHELL BUFORD, PLLC
P.O. Box 157
Jackson, MS 39205-0157
Telephone: (601) 932-4118
Facsimile: (601) 932-4860
shellbuford@shellbuford.com
ATTORNEYS FOR UNITED STATES FIRE INSURANCE COMPANY

IN THE __CIRCUIT__ COURT OF THE __FIRST__ JUDICIAL DISTRICT
OF HINDS, COUNTY, MISSISSIPPI

__SHAVERS JOHN E ET AL__                                                              PLAINTIFF

VS.                                                                NO. __251-03-000766-CIV__

__DALE GEORGE COMMISSIONER OF INSURANCE , ETAL__                                      DEFENDANT


I, BARBARA DUNN, CIRCUIT CLERK, OF THE CIRCUIT COURT IN AND FOR THE SAID STATE AND COUNTY DO HEREBY CERTIFY THAT THE ATTACHED ARE TRUE AND CORRECT COPIES OF ALL THE PAPERS FILED IN THIS OFFICE IN THE ABOVE STYLED AND NUMBERED CAUSE, AS OF THIS DATE THE SAME IS OF RECORD IN THIS OFFICE IN DOCKET BOOK NO. __03__ PAGE NO. __766__ TO WIT:

GIVEN UNDER MY HAND AND SEAL OF OFFICE THIS THE __25TH__ DAY OF __AUGUST__, __2003__.


BARBARA DUNN, CIRCUIT CLERK
HINDS COUNTY, MISSISSIPPI

BY _M. Luke_ D.C.

EXHIBIT "A"

5

CCKCTF1

IN THE CIRCUIT COURT OF HINDS COUNTY, MS
FIRST JUDICIAL DISTRICT

JOHN E. SHAVERS, JESCO　　　　　　　CIVIL ACTION: 252-03-766 CIV
CONSTRUCTION CORPORATION,　　　SECTION: _____
JESCO CONSTRUCTION
CORPORATION OF MISSISSIPPI,
EMERALD CORPORATION,
JASON EDWARD CARR,
PHYLLIS M. STOCKSTILL AND
JAMES M. STOCKSTILL

VERSUS

HONORABLE GEORGE DALE,
INSURANCE COMMISSIONER,
STATE OF MISSISSIPPI,
UNITED STATES FIRE INSURANCE
COMPANY, A NEW YORK CORPORATION,
WILLIAM H. ELLSWORTH; ALEXANDER
J. ELLSWORTH, ELLSWORTH, LEBLANC &
ELLSWORTH, INC., SHAVERS-WHITTLE
CONSTRUCTION, INC.



FILED JUN 27 2003 BARBARA DUNN CIRCUIT CLERK D.C.

---

## COMPLAINT

### JURISDICTION

1. Jurisdiction is vested in the Circuit Court of Hinds County, MS, First Judicial District, due to the fact that the situs of the Department of Insurance, State of Mississippi, is located in Jackson, MS, and the registered agent for United States Fire Insurance Company, Mr. Charles A. Brewer maintains an office at 506 South President Street, Jackson, MS for service of process, on the foreign insurance company.

2. Venue lies in the Circuit Court of Hinds County, MS, First Judicial District pursuant to a Mississippi contract situs statute, Section 18-5-7 Miss Code, as

1

the performance and payment bonds were issued for the Harrison County Sand Beach Renourishment Project, Harrison County, MS.

### THE PARTIES/PLAINTIFFS

3. JOHN E. SHAVERS is a resident and domiciliary of the State of Texas.

4. JESCO CONSTRUCTION CORPORATION is a Louisiana corporation licensed as a foreign corporation to do business in the State of Mississippi, with its principal place of business located at 15312 Dedeaux Road, Gulfport, MS.

5. JESCO CONSTRUCTION CORPORATION OF MISSISSIPPI is a Mississippi corporation, existing and organized under the laws of the State of Mississippi, with offices located at 15312 Dedeaux Road, Gulfport, MS 39503.

6. EMERALD CORPORATION is a Mississippi corporation organized and existing under the laws of the State of Mississippi, with its principal place of business located at 15312 Dedeaux Road, Gulfport, MS 39503.

7. JASON EDWARD CARR is a resident and domiciliary of the State of Louisiana, residing at 906 A Dean Lee Drive, Baton Rouge, LA 70820.

8. PHYLLIS M. STOCKSTILL AND JAMES M. STOCKSTILL are residents and citizens of the State of Louisiana, maintaining a residence at 13008 Highway 23, Belle Chasse, Louisiana 70037.

## THE PARTIES/DEFENDANTS

9. **HONORABLE GEORGE DALE**, is the elected Insurance Commissioner of the State of Mississippi, who is the necessary and indispensable public officer to declare a surety bond unconstitutional under the statutes and laws of the State of Mississippi.

10. **UNITED STATES FIRE INSURANCE COMPANY**, is a New York corporation having its principal place of business at 305 Madison Avenue, Morristown, New Jersey, and is licensed by the State of Mississippi to issue construction and payment surety bonds, which corporation, as a foreign insurance company, may be served on its duly appointed Registered Agent, Mr. Charles A. Brewer, 506 S. President Street, Jackson, MS 39201.

11. **WILLIAN H. ELLSWORTH** is a resident and domiciliary of the State of Louisiana, who is a licensed insurance agent of the State of Mississippi and who is doing business as an insurance agent at Ellsworth, LeBlanc & Ellsworth Inc, 3545 North I 10 Service Road West, Metairie, LA 70002.

12. **ALEXANDER J. ELLSWORTH** is a resident and domiciliary of the State of Louisiana, who is a licensed insurance agent of the State of Mississippi, and who is doing business as an insurance agent at Ellsworth, Leblanc & Ellsworth, Inc. 3545 North I 10 Service Road West, Metairie, LA. 70002.

13. ELLSWORTH, LEBLANC & ELLSWORTH, INC. is a Louisiana corporation licensed to do business in the State of Mississippi, with its principal place of business located at 3545 North 1 10 Service Road West, Metairie, LA 70002.

14.. SHAVERS-WHITTLE CONSTRUCTION, INC. is a Louisiana corporation, licensed to do business in the State of Mississippi, with its principal place of business located at 100 Mariners Blvd #4, Mandeville, LA 70448. Plaintiff, John E. Shavers is a fifty per-cent owner of the common stock of Shavers-Whittle.

COUNT ONE

DECLARATORY JUDGMENT

15.. Count One requests a DECLARATORY JUDGMENT, pursuant to Rule 57, Mississippi Rules of Civil Procedure, declaring the rights, status and relief vis-à-vis United States Fire Insurance Company, John E. Shavers, Phyllis M. Stockstill, James M. Stockstill, JESCO CONSTRUCTION CORPORATION, JESCO CONSTRUCTION CORPORATION OF MISSISSIPPI, EMERALD CORPORATION, JASON EDWARD CARR AND SHAVERS-WHITTLE CONSTRUCTION, INC.

16. On October 24, 2000, United States Fire Insurance Company, hereinafter "USFI", issued a surety bond on behalf of principal, JESCO CONSTRUCTION CORPORATION for the Harrison County Sand Beach Renourishment Project, the 26 mile beach reclamation on the

4

Mississippi Gulf Coast.

17. The Five Million Three Hundred Forty-Five Thousand Eight Hundred Fifty-Seven and 72/100ths ($5,345,857.72) was countersigned by William H. Ellsworth, as Attorney-in-Fact for USFI; however, at the date and time the countersignature was affixed to the surety bond, October 24, 2000, William H. Ellsworth failed to have a valid and requisite Certificate of Authority and/or Appointment from United States Fire Insurance Company issued by the State of Mississippi, through its insurance department, in accordance with Miss Code 83-17-5 and Miss Code 83-17-21, and therefore the agent was unauthorized to countersign the surety bond for USFI, rendering the surety bond unconstitutional under the statutes and laws of the State of Mississippi.

18. William H. Ellsworth unlawfully charged JESCO CONSTRUCTION CORPORATION a bond premium in the amount of $44,904.00, without authorization from the Insurance Department of the State of Mississippi, and without constitutional appointment by USFI.

18. JESCO CONSTRUCTION CORPORATION paid the surety bond premium in the amount of $44,904.00 in good faith, with reliance on the authority and authenticity of the bond presented to Harrison County, MS.

19. Honorable George Dale is the duly elected Insurance Commissioner of the State of Mississippi, who is a necessary and indispensable nominal party to this Declaratory Judgment action, as a public officer with delegated duties to oversee the issuance and performance of surety bonds

5

in the State of Mississippi to declare the Five Million Three Hundred Forty-five Thousand Eight Hundred Fifty-seven and 72/100ths dollar bond both invalid; insusceptible of execution and unconstitutional as written and issued in the State of Mississippi to JESCO CONSTRUCTION CORPORATION.

20. The issuance of surety bonds, construction performance bonds and construction payment bonds, by United States Fire Insurance Company, is regulated by Insurance Commissioner George Dale pursuant to the codal authority of the Mississippi Insurance Code, enacted by the legislature of the State of Mississippi, with full force of law.

21. On August 8, 2000, prior to the issuance of the Harrison County Sand Beach Renourishment Project construction and payment surety bonds, John E. Shavers, individually and as President of JESCO CONSTRUCTION CORPORATION; James M. Stockstill, individually and as President of JESCO CONSTRUCTION CORPORATION OF MISSISSIPPI; Phyllis M. Stockstill; and Gerard M. Whittle, in his capacity as President of SHAVERS-WHITTLE CONSTRUCTION, INC. executed a General Indemnity Agreement with USFI; however, USFI has failed to date, to execute the General Indemnity Agreement, and has further failed to acknowledge the General Indemnity Agreement, voiding the General Indemnity Agreement.

22. Plaintiff, John E.. Shavers, individually and as President of JESCO CONSTRUCTION CORPORATION requests this Court to render its Declaratory Judgment, declaring the Harrison County Sand Beach Renourishment

Project surety bonds for Construction Performance Bond and Construction Payment Bond in the amounts of $5,345,857.72 issued by USFI void and unconstitutional; similarly, plaintiffs request this Honorable Court to declare the General Indemnity Agreement void and unconstitutional, as a General Indemnity Agreement for the Harrison County Sand Beach Renourishment Project.

23.    Due to the fact that the surety bonds were issued in bad faith, without authority, without just cause, plaintiffs demand punitive damages in a sum to be set by the Court or the jury. Plaintiffs suggest that a sum equal to twenty times the principal amount of the combined surety bonds issued in an unconstitutional manner would be an appropriate award to be awarded as punitive damages to deter such conduct by the defendants in the future.

WHEREFORE, plaintiffs pray for judgement against the defendants, jointly and severally, and interest from date of judicial demand, punitive damages as assessed by the Court or jury and attorney fees as allowed by law.

Respectfully submitted,

*/s/ B.G. Perry/*

B. G. PERRY, #4128
1613 Stateline Road
Post Office Box 815
Southaven, MS 38671
(662)393-4442